| iLEMMON, Justice,
concurring.
The Constitution is silent on whether justices of the peace are “judges” for purposes of mandatory retirement. One must therefore look to the intent of the framers of the Constitution.
The intent of La. Const. art. V, § 20 was not to make justices of the peace constitutional judges, but to continue such officers in existence subject to the power of the Legislature to abolish, restructure or maintain such offices. Read in context, this section, while retaining justice of the peace courts, transformed such courts from constitutional to statutory status, subject to regulation by the Legislature.
The framers clearly did not intend for justices of the peace and mayors to be subject to all of the provisions of Article V. For example, justices of the peace and mayors are not included in the judges who are required to be admitted to the practice of law and who are prohibited from practicing law.[1] La. Const. art. V, § 24. Justices of the peace and mayors perform judicial functions under legislative regulation, but are part-time, non-lawyer judicial officers.
The specific question of whether the framers intended for justices of the peace and mayors to be subject to mandatory retirement almost answers itself. It is virtually inconceivable that the framers intended for the mayor of a large city, such as Kenner (which operates a mayor’s court), to be removed from office by | recommendation of the Judiciary Commission upon reaching the age of seventy.
Finally, La. Const. art. V, § 23(A), the section excepted from the mandatory retirement provisions of Section 23(B), required the Legislature to provide a retirement system for “judges,” and the Legislature, constitutionally empowered to place statutory limits on justices of the peace, did not include these officials in the retirement system for “judges.”

. Judges of city courts also are not included in this provision.